PER CURIAM.
Appellant Juan Arias seeks review of an order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Arias contends that the trial court’s oral pronouncement conflicted with the written judgment and sentence. He asserted in his motion, and here on appeal, that the trial court orally pronounced only a ten-year minimum-mandatory sentence, and thereafter entered a written sentence of twenty years’ imprisonment with a ten-year minimum mandatory.
In support of his claim, Arias attached two pages from the transcript of the plea colloquy. It is true that, in these two pages, the trial court discusses with Arias only the ten-year minimum-mandatory sentence. However, the trial court, in denying the motion, attached the entire twelve-page transcript of the plea colloquy. The complete transcript reveals clearly that the trial court orally pronounced the full sentence of twenty years’ imprisonment with a ten-year minimum mandatory. At the beginning of the plea colloquy, the prosecutor announced the full sentence; later during the plea, Arias’ counsel acknowledged the full sentence; and finally, following a complete discussion with Arias as required under Florida Rule of Criminal Procedure 3.172(c), the trial court accepted the plea and orally pronounced the full *41 sentence of “twenty years in the state penitentiary as an habitual violent offender with a ten year minimum mandatory.”
The trial court properly denied Arias’ motion, and attached to its order a copy of the complete transcript. Given Arias’ actions in: (1) attaching to his motion only those portions of the transcript which purported to support his position, thereby creating a false impression of the record below; (2) failing to attach the complete transcript which revealed the meritless nature of his claim; and (3) prosecuting this appeal even in the face of a complete transcript, attached to the order, conclusively demonstrating his claim was without merit, Appellant Juan Arias is ordered to show good cause, within thirty days, why we should not impose sanctions, including:
1. Prohibiting Arias from filing further pro se pleadings in this Court;
2. Directing the Clerk of this Court to forward a certified copy of this opinion to the Department of Corrections pursuant to section 944.279(1), Florida Statutes (2012), for consideration of disciplinary procedures. See Isom v. State, 43 So.3d 776 (Fla. 5th DCA 2010).
Affirmed.